'Michael Johnson

*v.*

Sarah C. Johnson.

*Filed at Springfield November 14, 1885.*

1.  Divorce—*in case of a void marriage—former husband living.* A decree of divorce can not be had by the wife on the ground of desertion, if the complainant, at the time of the alleged marriage in respect of which the divorce is sought, had a husband then living, and the prior marriage had not been dissolved by divorce, although the former husband may have deserted her and had not been heard of by her for six years before her second marriage. In such case the second marriage is a nullity.

2.  Marriage—*its validity—presumptions in respect thereto—long continued absence of former husband.* Where a marriage in fact is shown, the law raises a strong presumption in favor of its legality, and the burden of proof is on the party contesting its validity to show that it is not valid.

3.  So, although the presumption in favor of the validity of a marriage in fact, and of the innocence of the contracting parties, may conflict with that of the continued life of a former husband or wife not heard from for a period less than seven years prior to the second marriage, yet if neither presumption is aided by proof of facts or circumstances coöperating with it, the presumption of the validity of the second marriage must prevail over the other.

4.  Where a woman, six years after her husband was last heard from, is married to another man, and the validity of the latter marriage is brought in question many years afterward, on the presumption that her former husband was living at the time of such last marriage, the court may take into consideration the fact that the former husband has not since that time been heard from; and in such case the dissolution of the former marriage by death or divorce before her second marriage will be presumed.

5.  The general presumption is that life continues for seven years after an absent party is last heard from, and after the lapse of that time, death is presumed; but the presumption is not conclusive, and may be rebutted by proof of facts and circumstances inconsistent with and sufficient to overcome it.

6.  Death—*presumption from long continued absence—evidence.* Mere rumor, however, that an absent party not heard from for several years, is dead or living, is not admissible in evidence, either to aid or rebut the presumption of his life or death at a particular time after he was last heard from.

7.  Seven years must elapse before the presumption of death arises. After that length of time death is presumed; but there is no presumption that the life continued through the entire period, or that it was not extinguished at any particular time within it.

Syllabus.

8. A jury may find the fact of the death of a party from the lapse of a much shorter period than seven years unheard from, when the circumstances of the case raise the presumption of death. The age, state of health and habits of the absent party, and many other circumstances, may be shown to aid or rebut the presumption of the continuance of life.

9. ABATEMENT—*plea of prior suit for the same cause—requisites of the plea, as to the pendency of such suit.* A plea to a bill for divorce, showing that prior to the filing of the same the complainant had exhibited her bill for a divorce in another court, alleging as cause therefor the same matters as in the latter bill, is bad on demurrer, if it fails to show that the former suit is still pending.

10. ALLEGATIONS AND DECREE—*as to matters in defence in chancery.* A defendant in a chancery suit is bound to apprise the complainant, by his answer, of the nature of the defence he intends to set up, and he can not avail himself of any matter in defence not stated in his answer, even though it may appear in the evidence.

11. CHANCERY—*striking from the files an amendment to answer in chancery—discretion.* In a suit by a wife for divorce, on the ground of desertion, upon which an issue of fact was submitted to a jury, the defendant, by leave of court, after the jury had retired, filed an amendment to his answer, setting up that the marriage was void for the reason that the complainant, at the time of her alleged marriage with him, had a husband then living, the court, after the verdict, on motion, ordered this amendment to be stricken from the files: *Held,* that the motion to strike the amendment from the files was addressed to the discretion of the court, and that the action of the court could not be the subject of review unless it was made to appear that the defendant was thereby deprived of some substantial right.

12. INSTRUCTION—*not applicable to any issue.* On bill by a wife for divorce, where the only issue by the pleadings was, whether the husband had deserted her for two years prior to the filing of the bill, the defendant asked the court to instruct the jury, that if they believed, from the evidence, that the complainant had a husband living at the time of her marriage with defendant, they should find for him, which the court refused: *Held,* properly refused, for the reason there was no such issue.

13. EVIDENCE—*proving the same fact twice.* On the trial of a suit for divorce, the complainant testified to the fact of a former marriage with another man who had not been heard from for six years before her marriage with the defendant, and it was *held,* no error to refuse in evidence the certificate of her former marriage to prove the same fact.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. R. W. MILLS, for the plaintiff in error:

The circuit court of Cass county had no jurisdiction of the suit, for the reason that at the time it was commenced the circuit court of Menard county had acquired jurisdiction. Two courts can not have jurisdiction of the same cause at the same time. 1 Bouvier's Law Dic. p. 770, sec. 4.

A second marriage while the first subsists undissolved by death or divorce, is an absolute nullity. Bishop on Marriage and Divorce, secs. 201, 205; 1 Blackstone's Com. 436; 2 Kent's Com. 79.

The court erred in striking the amended answer from the files. Rev. Stat. chap. 110, sec. 24.

Whether our courts can annul a void marriage as the ecclesiastical courts do, is a question that does not arise here. The only question here is, can the court dissolve a void marriage.

Messrs. KETCHAM & GRIDLEY, for the defendant in error:

The wife was not a competent witness to prove her former marriage. 4 Bishop on Marriage and Divorce, sec. 327.

The presumption in favor of innocence and the legality of a marriage is such as to throw the burden of proving that complainant had a living, undivorced husband, upon the defendant. *Harris* v. *Harris*, 8 Bradw. 57; *Dijon* v. *People*, 18 Mich. 84; *Hull* v. *Rowls*, 27 Miss. 471; *Chapman* v. *Cooper*, 5 Rich. 452; *Candy* v. *George*, 6 id. 103; *Rex* v. *Twyning*, 2 B. & Al. 385.

The plea to the jurisdiction was bad. (*Garrick* v. *Chamberlain*, 97 Ill. 620.) But by answering over, defendant is estopped from raising the question of the sufficiency of the plea. Gould's Pleading, (4th ed.) p. 441, chap. 9, sec. 43.

The instruction as to a former marriage was properly refused, as there was no such issue presented.

Mr. Justice Shope delivered the opinion of the Court:

This was a bill for divorce, filed by Sarah C. Johnson, defendant in error, against Michael E. Johnson, plaintiff in error, in the Cass circuit court, where a decree of divorce was rendered. The cause was taken by writ of error, by defendant below, to the Appellate Court for the Third District. The decree of the lower court was there affirmed, and the present writ of error is prosecuted to this court from that order of affirmance.

The bill alleges, in the usual form, the residence of complainant, her marriage with defendant, and charges willful desertion by him for more than two years, etc. At the August term, 1884, of said circuit court, the defendant appeared and filed a plea, averring, in apt words, that before the filing of her bill in said court the complainant had exhibited her bill in the Menard circuit court against the defendant, for divorce, and alleging, as cause therefor, the same matters, etc., set up in her bill here filed, but failed to aver that such former proceeding was still pending. To this plea a demurrer was interposed, and sustained by the court, and this ruling is, among others, assigned for error. The demurrer was properly sustained. The plea, to have been sufficient, should have averred that the former cause was pending. *Garrick et al.* v. *Chamberlain et al.* 97 Ill. 620.

The defendant, by leave of the court, answered, denying the allegations of the bill. Replication being filed thereto, the cause was tried by a jury, resulting in a verdict for complainant. A motion by defendant for a new trial was overruled, and on a subsequent day of the term a decree of divorce entered. After the jury had retired to consider of their verdict, the defendant, by leave, filed an amendment to his answer, in which it was averred "that at the time of the pretended marriage of the complainant with the defendant, the complainant was a married woman, and was then and there the wife of one Albert

Thurber, who was then and there alive." After the return of the verdict this amendment was, on complainant's motion, stricken from the files, and this ruling is also assigned for error. This motion was addressed to the sound discretion of the court, the exercise of which will not be the subject of review unless it appears that some substantial right has been lost to the defendant, or some legal or equitable defence denied him. In the view we take of this case, as will be seen hereafter, this amendment could have been of no avail to the defendant upon the case made by the evidence introduced or offered in the court below.

That the evidence is sufficient to warrant the verdict and decree in favor of complainant is not denied by counsel for defendant, if her marriage with the defendant was a valid marriage. The serious contention is, that at the time of the marriage of complainant with defendant she had a former husband living, and therefore her marriage with defendant was void,—that whatever her rights under a bill properly framed for that purpose might be, no relief could be granted under this bill. This position of counsel would be undeniable if the evidence warrants the assumption that complainant had a former husband, who was living at the second marriage, and from whom she had never been divorced. The only evidence contained in the record tending to establish that at the time of her marriage with defendant the complainant had a husband living, is that given by complainant on cross-examination by defendant's counsel. This evidence was, in substance, that complainant was married to one Albert Thurber in Menard county, Illinois, on the 26th day of July, 1866; that they lived together three months; that said Thurber then deserted her and went away; that about a year after the separation, and some time in 1867, she received a letter from him, and that from that time to the trial, in August, 1884, she had not seen him or heard from him; that she had heard rumors at one time that he was dead, and another that

he was alive, and another that he was married again. No other witness testified in regard to the matter under consideration, or to any circumstance having any bearing thereon, and no other evidence was offered.

The marriage of complainant with the defendant is shown to have been solemnized in the month of February, 1874,—over six, but less than seven, years after the last knowledge of the former husband,—and it is contended, that as the law presumes the continuance of life where the time of the absence has not extended to seven years, this presumption must control, and therefore the marriage in issue is void. It has been repeatedly held that mere rumor that the absent party is dead or living can not be received in evidence, either to aid or rebut the presumption of life. The case of the defendant, as made by his amendment to his answer, therefore rests solely upon this supposed presumption of the living of the former husband at the time of the last marriage. The general presumption is, that life continues for seven years after the party is last heard from, and after the lapse of that time death is presumed; but the presumption is not conclusive,—is *presumptio juris* only,—and may be rebutted by proof of facts and circumstances inconsistent with and sufficient to overcome it. Under the rule, seven years must elapse before the presumption of death arises. When the seven years have elapsed, the fact of death is presumed; but there is no presumption that the life continued through the entire period, or that it was or was not extinguished at any particular time within it,—that is, the law raises no presumption as to the time when, within the seven years, the death in fact occurred. (1 Greenleaf on Evidence, sec. 41; Bishop on Marriage and Divorce, secs. 452-456.) It is also clear that the jury may find the fact of death from the lapse of a much shorter period than seven years, when the circumstances of the particular case raise the presumption of death. 1 Greenleaf on Evidence, *supra.*

But if the law raises the presumption that the former husband was alive at the date of the last marriage, from the fact that seven years had not then elapsed since the last knowledge of him, it also, in the absence of proof to the contrary, presumes that the parties in contracting such marriage, and in subsequently cohabiting, were innocent of immorality or crime, and that there was no legal impediment to its consummation. When a marriage is shown, in fact, the law raises a strong presumption in favor of its legality, and the burden is with the party objecting to its validity to prove that it is not valid. (Bishop on Marriage and Divorce, secs. 457, 458.) Presumptions of this class are not conclusive, but are sufficient, in general, to shift the burden of proof. (1 Greenleaf on Evidence, secs. 33-35.) These presumptions of innocence, and of the validity of the marriage, conflict with the presumption of life, and if neither presumption is aided by proof of facts or circumstances coöperating with it, the presumption of the validity of the marriage has generally been held to be the stronger, and to prevail over the presumption of the continuance of the particular life,—and this is so held although the time elapsing between the last knowledge of the former husband and the second marriage is much less than seven years.

*Rex* v. *Twyning*, 2 B. & Al. 386, was a case where these conflicting presumptions came under consideration. The wife of a soldier who went abroad, married again in a little over a year, and the question was as to the legitimacy of the children of this second marriage. The court said: "The law presumes the continuance of life for seven years, but it also presumes against the commission of crime. It is contended that the death of the husband ought to have been proved, but the answer is, that the presumption of law is that he was not alive, when the consequence of his being so is that another person has committed a crime."

In *Yates* v. *Houston,* 3 Texas, 449, four years only had elapsed after the disappearance of the wife before the husband and another woman appeared as husband and wife, under circumstances raising the presumption of marriage, and in considering the subject of the conflicting presumptions, the court held that "the rational presumption, after this lapse of time, is, that the former wife is dead. The ordinary presumption of the continuance of human life should not, under the facts in this case, outweigh the presumption in favor of the innocence of their cohabitation, and that there was no legal impediment to their contracting the matrimonial relation."

In *Dixon* v. *The People,* 18 Mich. 84, the prosecution, desiring to use a witness who claimed to be the wife of the defendant, produced evidence of her marriage to one Phillips in 1859. Thereupon she was put on the stand, and admitted her marriage with Phillips, and stated that she last heard from him in April, 1860, and supposing he was dead, married the defendant in 1865. The court below permitted her to testify, against the objection of the defendant. The Supreme Court of that State, in reviewing the case, said: "The presumption of innocence,—that she would not commit the crime of bigamy by marrying the defendant while Phillips was alive,—rendered it obligatory on the court, in the absence of testimony to the contrary, conclusively to presume the death of Phillips and the validity of her marriage with defendant."

In *Senser et al.* v. *Bower et al.* 1 Pa. 450, the court, in determining the validity of a second marriage, say: "But there is said to be the same evidence of a precedent marriage of the mother with another man, who was alive at her second marriage, and hence a supposed dilemma; but the proof being equal, the presumption is in favor of innocence. And so far is this carried in the case of conflicting presumptions, that the one in favor of innocence shall prevail."

In *Hull* v. *Rawls*, 27 Miss. 471, the widow of Rawls petitioned for dower, which was resisted upon the ground that her marriage with Rawls was void, for the reason that he had a wife living at the date of his marriage with the petitioner. The proof showed that petitioner and Rawls were married December 6, 1848, and that in 1844 Rawls was living with another woman whom he recognized as his wife. The court said: "The fact that the deceased (Rawls) was living in 1844 with a woman believed to be his wife, is no evidence that she was living on the 6th of December, 1848. The marriage having been solemnized according to the forms of law, every presumption must be indulged in favor of its validity."

The case of *Chapman* v. *Cooper*, 5 Rich. 452, was where five or six years only had intervened between the time the former husband was last heard from and the second marriage of the wife, and the court held that under the facts of that case (the case having been brought many years afterwards,) the presumption of innocence ought to prevail.

The only case of this character determined in this State, that we are aware of, came before the Appellate Court for the Second District for consideration,—*Harris* v. *Harris*, 8 Bradw. 57. That was a bill for divorce, filed by the husband against the wife, seeking to declare the marriage void because the wife had a former husband living at the time of the marriage of these parties. That court, in an able opinion by PILLSBURY, J., after reviewing many of the authorities here cited, said: "In cases like this at bar, where nine years had elapsed (at the trial) from the time the first husband was last heard from or seen by any witness testifying in the cause, the law will not presume the continuance of life to the time of the second marriage, but will require the complainant to introduce direct evidence to prove that the former husband was alive at the date of the second marriage. There being no sufficient evidence of this character to sustain the verdict, and as the instructions permitted the jury to find Lowry

(the former husband) was living at the time of the marriage between these parties, from the presumption of life, alone, thereby changing the burden of proof from complainant to the defendant, the case will be reversed."

Further citation of authorities will be unnecessary, as those cited sufficiently show the trend of judicial determination on this subject. It will be seen that many of the cases, like *Rex* v. *Twyning, supra,* seem to lay down the proposition as a strict rule of law, and hold that the presumption of innocence will prevail whenever the presumption of the continuance of life would impute crime. This appears to be the chief ground for criticism of the case last named, in *Rex* v. *Harborne,* 2 A. & El. 540. We think, however, that the weight of authority is, that it is a question of fact to be determined upon the circumstances of the particular case,—that there is no rigid presumption to be inflexibly followed, aside from the considerations of such circumstances. In *Rex* v. *Harborne, supra,* the circumstances being that the wife had been seen within twenty-five days of the second marriage of the husband, it was held that the presumption of the continuance of life should prevail, while in *Greenborough* v. *Underhill,* 12 Vt. 604, (afterwards questioned in *Northfield* v. *Plymouth,* 20 id. 582,) it was held that after an absence of two years not heard from, the presumption of innocence would prevail over the presumption of life. So, also, the age, condition of health, habits of the absent party, and many other circumstances, may be brought in to aid or rebut the presumption of the continuance of life. Therefore, no absolute rule can be laid down to determine when or in what particular case the presumption of life should prevail over the presumption of innocence, or the reverse; but the question, like any other question of fact, must be determined upon consideration of the attending facts and circumstances. It may, however, be safely said, that where there are no circumstances to aid the presumption of the continuance of life, the presumption of

innocence and of the validity of the second marriage should, in general, prevail.

It is always material to consider, in cases like the one at bar, not only the time that intervened between the last knowledge of the former husband or wife and the second marriage, but also between such last knowledge and the trial of the cause; for if the full period in which death is presumed, has elapsed at the time of the litigation, and there is no presumption as to when, within the seven years, the death, in fact, occurred, it may as well be held to have taken place before as after the second marriage, and there will, in that event, be "no great need of help from the presumption of innocence to sustain the second marriage." (Bishop on Marriage and Divorce, sec. 456; *Kelly* v. *Drew*, 12 Allen, 107.) In the case last cited, a woman had married four years after her former husband was last heard from. Sixteen years afterwards the validity of her second marriage was called in question. The court held it valid, and said: "No evidence was offered that the first husband had been heard from for twenty years, or that he had not died, or been divorced from her before her second marriage. Under the circumstances the presumption of the wife's innocence in marrying again might well overcome any presumption that a man, not heard from for four years before the marriage, or for sixteen years afterward, was alive, and her lawful husband, when she married the second time." At the trial of this cause over sixteen years had elapsed since the last knowledge of the former husband, and we see no reason why these principles do not apply. We think the complainant might safely rely upon the presumption of the validity of her marriage. The law did not impose on her, under the circumstances of this case, the duty of preserving the evidence of the dissolution of her former marriage, and producing it on the trial, but the burden was on the defendant to prove such facts and circumstances as would establish the invalidity of his marriage with complainant.

It is urged that the circuit court erred in refusing an instruction asked by the defendant, to the effect that if the jury believed, from the evidence, that the complainant had a husband living at the time of her marriage with defendant, then they should find for the defendant. The bill and answer presented no issue at that time to which the instruction was applicable, and it was properly refused. The rule in chancery is stated to be, "that a defendant is bound to apprise the complainant, by his answer, of the nature of the case he intends to set up, and that a defendant can not avail himself of any matter in defence which is not stated in his answer, even though it should appear in the evidence." (1 Daniell's Chancery Practice, 726.) The defendant could not, by an amendment after trial, make the refusal of an instruction error, which was not so at the time of its refusal.

It is also insisted that the court erred in giving an instruction for complainant. We have carefully examined the instructions, and under the issues as presented by the bill and answer, at the time of the trial, find no error. Holding, as we do, that the case was determined correctly on the merits, there is, in our opinion, no error in giving or refusing instructions for which the decree should be disturbed.

There was no error in rejecting the certificate of marriage offered by defendant. All it tended to prove had already been admitted in the presence of the court and jury by complainant, and if it had been competent evidence, the defendant could not have been prejudiced by its rejection.

Finding no error in the record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*