ELIZABETH SCHMISSEUR *et al.*

*v.*

AUGUST BEATRIE *et al.*

*Filed at Mt. Vernon October 27, 1893.*

1. MARRIAGE—*previous marriage existing.* A second marriage is void when either of the parties to it has a husband or wife by a former marriage, who has never been divorced and is still living.

2. SAME—*presumption in favor of its validity.* Where a marriage has once been solemnized according to the forms of law, every presumption will be indulged in favor of its validity. This presumption is so strong that a former husband or wife will be presumed to be dead after an absence of less than seven years. The ordinary presumption in favor of the continuance of human life is made to give way to the presumption in favor of the innocence of a second marriage.

3. SAME—*presumption of a divorce prior to a second marriage.* A previous divorce will often be presumed in order to sustain a second marriage. So when two marriages of a man, and the existence of his first wife, are established by proof, a presumption will arise in favor of a divorce from his first wife, in order to sustain the second marriage, and the burden of proof will rest upon the party asserting the illegality of such marriage to show that no divorce was had before the last marriage.

4. SAME—*subsequent divorce will not legalize second marriage.* Where a man, at the time of marriage, has a wife living and undivorced, a subsequent divorce obtained by his first wife will not legalize his second marriage.

5. SAME—*evidence rebutting presumption of a divorce.* In 1872 a man and woman were married in St. Clair county, where they both resided all their lives, and on November 14, 1876, he filed his bill in that court for a divorce against his wife, and on the same day he was married to another woman and suffered the bill to be dismissed: *Held,* that such bill was evidence that at the time of his second marriage he had no divorce from his first wife.

6. In the same case, the parties questioning the validity of the second marriage not only gave in evidence the bill for divorce filed by the husband, and the proceedings thereunder showing a dismissal without a decree, but they also proved that he and his first wife had resided in St. Clair county, and had been residents thereof all their lives, and that from an examination of the records of the circuit court from March, 1872, to September, 1881, no entries appeared in any suit between the husband and his first wife, except the bill before stated:

*Held,* that the evidence was sufficient to so far overcome the presumption in favor of a divorce obtained by the first wife, as to shift back upon the parties affirming the validity of the second marriage the burden of showing that there had been a divorce.

7. Although the burden was upon the complainants of proving the negative contention that a divorce had not been obtained before the last marriage, yet it is well settled that a party is not required to make plenary proof of a negative averment. It is enough that he introduces such evidence as, in the absence of all counter testimony, will afford reasonable ground for presuming that the allegation is true, and when this is done the *onus probandi* will be thrown on his adversary.

8. EVIDENCE— *admissions of bill in chancery.* Although a bill in chancery, so far as it may be taken as the suggestion of counsel, is but feeble evidence against the complainant of the admissions which it contains, it is yet some evidence of the same.

APPEAL from the Circuit Court of St. Clair county; the Hon. A. S. WILDERMAN, Judge, presiding.

Messrs. DILL & SCHAEFER, for the appellants:

Appellants having shown that Nicholas Beatrie, Jr., was lawfully married to Barbara Anstedt, November 12, 1872, and that she continued to live until the year 1885, it then devolved upon appellees to show that he was lawfully divorced before he married their mother, Margaret Hube, November 14, 1876. *Graves* v. *Bruen,* 11 Ill. 431; *Johnson* v. *Johnson,* 114 id. 611; 1 Greenleaf on Evidence, sec. 33.

After the lapse of many years, courts will presume a death or divorce in order to sustain a second marriage. *Harris* v. *Harris,* 8 Ill. App. 57.

In the case at bar there is absolutely no room for the indulgence of presumptions in favor of the second marriage, because, on the very day that it was consummated, Nicholas Beatrie, Jr., filed his bill for divorce, in which he admitted that he was then a married man and not divorced from his first wife.

If any divorce had been granted it must have been in St. Clair county, where the parties resided. *Cartwright* v. *McGown,* 121 Ill. 388.

Mr. Marshall W. Weir, and Mr. James M. Hay, for the appellees:

When a marriage in fact is shown, the law raises a strong presumption in favor of its legality, and "the burden of proof is on the party contesting its validity to show that it is not valid." *Johnson* v. *Johnson,* 114 Ill. 611; Bishop on Marriage and Divorce, secs. 457, 458; *Dixon* v. *People,* 18 Mich. 84; *Hull* v. *Rawls,* 27 Miss. 471; *Chapman* v. *Cooper,* 5 Rich. 452; *Rex* v. *Twyning,* 2 B. & A. 385; *Yates* v. *Houston,* 3 Texas, 449; *Harris* v. *Harris,* 8 Ill. App. 57; *Senser* v. *Bower,* 1 Pa. 450.

Where a marriage is had according to the form of the law, the presumption is against any legal impediment. *Harris* v. *Harris,* 8 Ill. App. 57.

Capacity to marry is presumed from the fact of marriage. *Cartwright* v. *McGown,* 121 Ill. 388.

All reasonable intendments will be made to sustain a marriage, and so to make legitimate the offspring. *Cartwright* v. *McGown,* 121 Ill. 388.

The courts, to uphold a second marriage, will sometimes presume a prior dissolution of the first by divorce. *Cartwright* v. *McGown,* 121 Ill. 388.

The most appellants ever attempted to show was, that Nicholas Beatrie, Jr., did not get a divorce from the first wife in the circuit court of this (St. Clair) county; *non constat,* that he did not get a divorce elsewhere, or that the first wife did not get a divorce from him. The circuit court is not the only court in the county having jurisdiction in divorce cases.

Mr. Justice Magruder delivered the opinion of the Court:

This is a bill filed on July 16, 1892, in the Circuit Court of St. Clair County by Elizabeth Schmisseur and Mary Wuest and their husbands against August Beatrie and Elizabeth Beatrie for the partition of certain lands. The defendants, who are minors, answered by their guardian *ad litem.* Upon

hearing had, the decree of the court below was in favor of the defendants upon the material issues involved, and this appeal is prosecuted from said decree by the complainants.

Mary Beatrie, the wife of Nicholas Beatrie, died testate on September 27, 1890, owning certain lands in said county, and provided in her will, after giving her husband the sole and exclusive use and control of her property real and personal during his life, that after his death all her property, both real and personal, should descend to her "lawful heirs according to the laws of descent." On March 25, 1892, Nicholas Beatrie, her husband, died testate as to the major portion of his estate, but intestate as to some of his real estate. Said Nicholas and Mary left two daughters, the appellants Elizabeth Schmisseur and Mary Wuest. They had had a son, Nicholas Beatrie Jr. who died before either of them, towit: in the year, 1880, leaving two children, the appellees August Beatrie and Elizabeth Beatrie. The question in the case is, whether or not the appellees are the legitimate children of Nicholas Beatrie Jr., deceased. If they are his legitimate children, then the decree correctly finds that, as the grand-children of Mrs. Mary Beatrie, deceased, they are each entitled to an undivided one sixth part of the real estate of which she died seized, and that, as the grand-children of Nicholas Beatrie Sr., they are each entitled to an undivided one sixth part of the real estate owned by him at his death and as to which he died intestate.

The case turns upon the validity or invalidity of the marriage of Nicholas Beatrie Jr., the father of appellees, with Margaret Hube, their mother. It is conclusively proven, that said Nicholas Beatrie Jr. and Margaret Hube of St. Clair County were married by a justice of the peace of said county on November 14, 1876, under a marriage license duly issued on that day by the county clerk of that county. It is claimed, however, by the appellants, that at this time Nicholas Beatrie Jr. had a wife by a former marriage, who was then still living

and undivorced. A second marriage is void where either of the parties to it has a husband or wife by a former marriage, who has never been divorced and is still living. (*Gordon* v. *Gordon,* 141 Ill. 160; *Brown* v. *Brown,* 142 id. 409).

It is proven, that on November 12, 1872, said Nicholas Beatrie Jr. was married to Barbara Anstedt of said county by a catholic priest in said county in pursuance of a marriage license duly issued by the county clerk of said county on November 8, 1872. He and said Barbara had one child which, died in infancy. They lived together as man and wife for about one year and a half, or two years, in said county, and then separated and never lived together again. She was living at the time of the marriage with Margaret Hube and did not die until 1885, five years after the death of Nicholas Beatrie Jr. One witness swears, that she married one John Meyer after she separated from said Nicholas, and before the latter's second marriage in November, 1876.

When a marriage has been solemnized according to the forms of law every presumption will be indulged in favor of its validity. The presumption is one in favor of innocence, as it will be presumed that a man will not commit the crime of bigamy by marrying a second time while his first wife is living. (*Johnson* v. *Johnson,* 114 Ill. 611). Absence for seven years without being heard from creates the presumption of death. But the presumption in favor of the validity of marriage is so strong, that a former husband or wife will be presumed to be dead after an absence of less than seven years. The ordinary presumption in favor of the continuance of human life is made to give way to the presumption in favor of the innocence of a second marriage. (*Yates* v. *Houston,* 3 Tex. 433; *Johnson* v. *Johnson, supra*). In the present case, however, no presumption as to the death of Barbara Beatrie can be indulged in favor of the validity of the marriage with Margaret Hube, because the proof shows affirmatively that said Barbara was alive when said marriage took place, and for nine years thereafter.

It is claimed, however, in behalf of the appellees, that Nicholas Beatrie Jr. will be presumed to have been divorced from his first wife before he married the second one. We have said that the courts "will often presume a previous divorce in order to sustain the second marriage." (*Cartwright* v. *Mc-Gown*, 121 Ill. 388). Bishop in his work on Marriage, Divorce and Separation says: "In a general way it is sufficiently established that, to sustain a second marriage, a dissolution of the former one by divorce will be presumed; but a long living apart will not commonly create such presumption, and the authorities are not otherwise quite distinct as to the precise limits of the doctrine." (Bish. on Mar. Div. & Sep.— sec. 1145).

The two marriages of Nicholas Beatrie Jr., and the existence of the first wife at the time of the second marriage, being established by proof, the presumption would arise in favor of a divorce from his first wife in order to sustain the second marriage. In view of this presumption the burden of proof rested upon the appellants, as the objecting parties, to show that there had been no divorce. The law is so positive in requiring a party, who asserts the illegality of a marriage, to take the burden of proving it, that such requirement is enforced even though it involves the proving of a negative. (*Boulden* v. *McIntyre*, 119 Ind. 574).

In order to show that there had been no divorce, the complainants below introduced the bill and other proceedings in a divorce suit begun by Nicholas Beatrie Jr. against Barbara Beatrie. The bill in that suit was filed on November 14, 1876, in the Circuit Court of St. Clair County. It alleged that said Nicholas was married to said Barbara on November 12, 1872; that he lived with her until October, 1873; that on October 1, 1873, she wilfully deserted and absented herself from him without any reasonable cause and continued such desertion for more than two years; that she had committed adultery with one Meyer, and was living with him as

his wife, etc.   Summons was served on said Barbara on December 11, 1876.   No decree of divorce was ever entered in said cause.   The record shows that, at the January term, 1877, the cause was continued, and at the April term, 1877, the court ordered that it "be dismissed at complainant's costs and execution is awarded therefor."

It will be noted, that the bill for divorce was filed on the same day on which the second marriage took place.   It contains an admission by Nicholas Beatrie Jr., that, on that day, he was still the lawful husband of his first wife, and had not been divorced from her.   Although a bill in chancery, so far as it may be taken as the suggestion of counsel, is but feeble evidence against the complainant of the admissions which it contains, it is yet some evidence of the same.   (1 Greenl. on Ev. sec. 212).   It is inconceivable why Nicholas Beatrie Jr. should have filed this bill on November 14, 1876, if before that date he had obtained a divorce from his first wife, or if, at that time, he had any knowledge of a divorce obtained by her from him.   If she obtained a divorce after November 14, 1876, the second marriage contracted on that day was not thereby legalized.   In *Cartwright* v. *McGown, supra,* it appeared that the first marriage took place in Kentucky in 1841, and the second in Illinois in 1843 while the first wife was living and undivorced; and it was held that, as the divorce obtained by the first wife was not granted until 1846, the facts did not justify the court in presuming that the husband had procured a divorce from his first wife.

It is said, however, that although Nicholas Beatrie Jr. may not have obtained a divorce from his first wife Barbara, yet the law will indulge the presumption that she obtained a divorce from him before November 14, 1876, in order to sustain the validity of the second marriage entered into on that day.   In support of this position reference is made to the case of *Coal Run Coal Co.* v. *Jones,* 127 Ill. 379, where we said: "The second marriage being shown in fact, the law raises a

strong presumption in favor of its legality, which we do not regard as overcome by mere proof of a prior marriage, and that the first wife had not obtained a divorce. The husband might have obtained such divorce and left him free to contract the second marriage." But, in the case at bar, the complainants below not only introduced in evidence the bill of divorce above mentioned and the proceedings showing its dismissal without a decree, but they also proved that Nicholas Beatrie Jr. and his first wife had lived in St. Clair county and been residents thereof during all their lives, and that, from an examination of the records of the Circuit Court of that county from March, 1872, to September, 1881, no entries appeared in any suit of Nicholas Beatrie Jr. against Barbara Beatrie, or of Barbara Beatrie against Nicholas Beatrie Jr., except those already specified. Counsel for appellees say, that the Circuit Court was not the only court in St. Clair county having jurisdiction in divorce cases. Counsel have not made it apparent to us what other court did have such jurisdiction. But, however this may be, the evidence introduced to show, that there had been no divorce, was sufficient to so far overcome the presumption in favor of a divorce obtained by the first wife, as to shift back upon the defendants the burden of showing, that there had been a divorce. Presumptions of the class here referred to are not conclusive. (*Johnson* v. *Johnson, supra*).

Although the responsibility was upon the complainants of proving the negative contention, that a divorce had not been obtained before the marriage of 1876, yet it is well settled, that a party is not required to make plenary proof of a negative averment. It is enough that he introduces such evidence as, in the absence of all counter testimony, will afford reasonable ground for presuming that the allegation is true; and when this is done the *onus probandi* will be thrown on his adversary. (1 Greenl. on Ev. sec. 78).

The case of *Graves* v. *Bruen,* 11 Ill. 431, is a good illustration of this doctrine. It appears from the case of *Calder* v. *Rutherford,* 3 Brod. and Bingh. 302, as there explained, that the defendant agreed to pay the plaintiff money if he would not consign herrings to the London market, and, in particular, to the house of J. & A. M. In an action to recover the money, plaintiff proved that he did not consign herrings to said house; and the objection, that his proof was insufficient as not showing that there was no consignment to the London market as well as to said house, was held to be untenable, the court saying: "Some evidence was given in proof of the negative averment, and that threw it on the other party to go farther."

Here, some evidence was given in proof of the negative averment that there had been no divorce. Besides proof of the first marriage, and of the existence of the first wife at the time of the second marriage, and of the admission of the husband that he had not been divorced from his first wife when he married the second one, it was shown, that no divorce had been obtained by either the husband, or his first wife, in the Circuit Court of the county where both of them had always resided, and where divorce proceedings, if there had been any, would be most naturally looked for. This testimony threw the burden on the defendants below to go farther, and prove that a divorce had been obtained if such was the fact. A decree of divorce is a matter of record, and, if such a record is in existence, it can be produced.

For the reasons here stated, we think, that the case ought to be reversed and sent back, in order that the appellees may have the opportunity of proving that there was a divorce between Nicholas Beatrie Jr. and his first wife, if such proof can be furnished.

The decree of the Circuit Court is accordingly reversed, and the cause is remanded for further proceedings in accordance with the views herein expressed.

*Decree reversed.*