Eva M. CRYSLER, Appellee, *vs.* GEORGE CRYSLER, Appellant.

*Opinion filed April 21, 1928.*

1. HUSBAND AND WIFE—*burden is on party to prove claim that marriage was invalid.* Where a marriage is shown the law raises a strong presumption in favor of its legality, and the burden is on the party objecting to its validity to prove such facts and circumstances as establish its invalidity.

2. SAME—*when a woman claiming to be legally married fails to establish invalidity of her prior marriage.* A complainant in a divorce and partition suit claiming to be joint tenant in a conveyance to husband and wife, fails to establish that she is the lawful wife of the defendant on the ground that her prior marriage to

another man was void because he had a wife living when she married him, where the record merely shows that he had been married and there is no showing that that marriage had not been dissolved prior to his marriage with complainant, and the presumption is that she was legally the wife of the other man when she assumed to marry the defendant and that she is not the defendant's lawful wife.

3. SAME—*when wife must be held to be trustee for husband in conveyance to both as joint tenants.* Where a husband purchases real estate and the title to the property or an interest therein is taken in the name of the wife there is a presumption that the husband intended a gift to the wife; but this presumption may be rebutted, and is overcome where the evidence shows that the wife had left the husband and that a conveyance of property purchased by the husband was made to them as joint tenants in consideration of her returning to him, which she had no intention of doing, being, in fact, then married to another man, and that she entered into the marital relation merely to secure money and property.

APPEAL from the Superior Court of Cook county; the Hon. HARRY A. LEWIS, Judge, presiding.

T. FRED LARAMIE, for appellant.

MATILDA FENBERG, (JACOB G. GROSSBERG, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellee, Eva M. Crysler, filed in the superior court of Cook county her bill for divorce and alimony and for partition of certain real estate held in joint tenancy, alleging as her ground for divorce extreme and repeated cruelty on the part of appellant. The latter answered the bill, denying that appellee was his wife, that he was guilty of any of the charges of cruelty or that she had any interest in the real estate. By leave of court he filed a cross-bill, in which he alleged that he was the owner in fee simple of the property, the record title to which stood in the names of appellee and appellant as joint tenants; that he paid for the property

with his own funds; and that in consideration of her returning to his home and remaining there as his wife he permitted the conveyance to appellee and himself as joint tenants. He asks that a decree be entered finding that appellee holds title to an interest in the property in trust and that she be required to convey the same to him. Appellee answered the cross-bill, denying that she holds the interest in the real estate in trust and alleging that title was taken in the parties as joint tenants because they were husband and wife. There was a hearing before the court, and a decree was entered finding that appellee and appellant were husband and wife, granting the divorce to appellee, awarding her a one-half interest in the real estate, and directing appellant to pay her an additional sum of $700 for solicitor's fees and the sum of $25 a week for permanent alimony. This appeal followed.

Appellant and appellee were first married August 18, 1921. She lived with him until April 30, 1922, when she left him and filed a bill for divorce. There was no contest and a decree was entered June 14. Appellant was infatuated with her and immediately began negotiations to get her to return to him. She accepted substantial sums of money from him from time to time. During February, March and April, 1923, she accepted from him a total of $880, the last amount which she obtained being $200 the day she left for St. Louis to marry T. C. Farren. She was married to Farren on May 1, 1923, and lived with him as his wife until February 26, 1924, when she left him and returned to Chicago, where she married appellant the following day. Appellant did not know she had been married to Farren, and she claims that she discovered a few days before she left Farren that he had a wife living so that her own marriage with him was void. She lived with appellant until April 28, 1926, when she finally left him.

The first question which is presented for decision is whether appellee is the lawful wife of appellant. When a

marriage is shown, the law raises a strong presumption in favor of its legality, and the burden is on the party objecting to its validity to prove such facts and circumstances as establish its invalidity. (*Potter* v. *Clapp,* 203 Ill. 592; *Jones* v. *Gilbert,* 135 id. 27; *Johnson* v. *Johnson,* 114 id. 611.) It is admitted that appellee married Farren in St. Louis in 1923, and the evidence shows she lived with him as his wife until the day she married appellant the second time, in 1924. This situation warrants the conclusion that that marriage relation continued and had not been dissolved. If appellee had a living husband when she went through the marriage ceremony with appellant in 1924 she did not become his lawful wife at that time. She attempts to meet this conclusion by showing that Farren had a wife living at the time he married her in 1923 and so she was never lawfully married to him. It does appear from the record that Farren was married before he married appellee, but it does not appear that that marriage had not been dissolved prior to his marriage to appellee. We are satisfied that the evidence shows that appellee was not capable of contracting a lawful marriage February 27, 1924, and that she is therefore not the wife of appellant. This conclusion is supported by many decisions of this court. *Cartwright* v. *McGown,* 121 Ill. 388; *Schmisseur* v. *Beatrie,* 147 id. 210; *Cole* v. *Cole,* 153 id. 585; *Hoch* v. *People,* 219 id. 265.

Appellant is a mason contractor, specializing in setting boilers, and has an annual gross income of less than $5000. Appellee is less than half his age, and from the time he first met her, in 1921, has taken advantage of his infatuation for her. She was then the mother of an illegitimate child born in 1919, which she represented to him was the child of a former husband who was dead. Shortly after she left him in 1926 she began to ask him for money, and finally, in September, secured from him $2230, which was all the cash he had on hand. He says he was undertaking to effect a reconciliation, and she represented to him that she owed

her mother $1000 and many other bills which she had to pay. Her mother testified that appellee owed her nothing and that she did not pay any part of the money to her. On May 1, 1926, a deed was executed conveying the residence property to appellant and appellee as joint tenants. This was all the real estate appellant owned, and it had been purchased by him on contract April 2, 1924, at a price of $13,500. All the money that has been paid under this contract has been paid by appellant. Appellee claims appellant gave her a half interest in the property, but he testifies that the deed was made in consideration of her returning to his home and resuming the marital relations. Where the husband purchases real estate and the title to the property, or an interest therein, is taken in the name of the wife, there is a presumption that the husband intended a gift to his wife. But this presumption may be rebutted. (*Partridge* v. *Berliner*, 325 Ill. 253.) Consideration of the record in this case shows clearly that appellant did not intend to give appellee a half interest in this property except on condition that she return to him and assume her duties as a housewife. It is also clear from the evidence that she never intended to carry out this agreement and that she used the advantage she had over appellant to secure from him his money and his property. On this record it should be held that appellee holds the title to an interest in this real estate as trustee and that appellant is entitled to have a reconveyance to him.

The decree is reversed and the cause is remanded to the superior court of Cook county, with directions to dismiss the bill for want of equity and to grant the prayer of the cross-bill.          *Reversed and remanded, with directions.*