JAMES v. SUPREME COUNCIL OF THE ROYAL ARCANUM.

(Circuit Court, E. D. Missouri, E. D. June 15, 1904.)

No. 4,974.

1. INSURANCE—MUTUAL BENEFIT SOCIETIES—BENEFICIARIES—POWERS.

Where the laws of the state in which a mutual benefit society was incorporated, and the constitution and laws of such society, gave it express power not only to provide for the widows, orphans, and other relatives of deceased members, but authorized it to make provision for "any persons dependent upon deceased members," the association had power to issue a benefit certificate, payable to a certain person named, who was married to assured, and who in good faith lived with him as his wife and was dependent upon him for support, though she was not the legal wife of assured by reason of his having a former wife from whom he had not been divorced.

2. SAME—POLICY—CONSTRUCTION.

Where a mutual benefit association was empowered to make provision for widows and any person dependent on deceased members, and the policy was issued to deceased, payable to "Ella J. Palmer (wife)," the term "wife" was merely descriptio personæ, and her dependency on insured was not controlled by the legality of the marital relation existing between herself and assured.

Harmon J. Bliss, for plaintiff.
F. H. Bacon, for defendant.

ADAMS, District Judge. This is an action to recover the amount due on a benefit certificate issued by the defendant on January 29, 1891, to one Alfred Palmer, a member of Compton Hill Council, No.

555, of the Royal Arcanum. The certificate named "Ella J. Palmer (wife)" as the beneficiary. The member died January 19, 1902. In due course, after proofs of death were made, defendant in good faith and without notice of any adverse claim paid the beneficiary, Ella J. Palmer, the amount called for by the certificate. Afterwards the plaintiff, Elizabeth James, instituted this suit, alleging that she was the lawful wife of Alfred Palmer in his lifetime, and now is his lawful widow, and that by reason of the laws governing the defendant order she is entitled to the amount called for by the certificate, notwithstanding the designation of Ella J. Palmer as the beneficiary in the certificate as issued.

The facts disclosed by the proof are substantially as follows: Alfred Palmer, the member, married Elizabeth, the plaintiff in this action, in England in 1866, and continued to live with her as her husband until 1873, when he deserted her and came to the United States. Some time prior to 1880 Palmer took up his abode in St. Louis, and resided here continuously until he died in 1902. In 1885 he formally married a wife in St. Louis. She died about two years thereafter, leaving one child as a result of the union. In 1890 he formally married Ella J. Palmer, the beneficiary designated in the certificate of membership sued on. Ella J. had no reason to believe, and did not believe, he had a wife living in England. She knew of his former marriage in St. Louis, of the birth of a child, and of the death of the supposed wife, and believed she had a lawful right to marry him. From 1890 to the date of Palmer's death in 1902 Ella J. continuously and notoriously lived with him as his wife, kept his house, cared for and reared his infant child, aided him in his daily work as a printer, and in every way was held out by him and recognized by the world as his lawful wife. She, at least, was innocent. She materially aided him in conducting his business and home, and was in the same sense as all lawful wives are dependent upon him for subsistence, care, and protection. After marrying Ella J. an old certificate of membership in defendant order, which had designated his infant child as beneficiary, was in accordance with the laws of the order duly surrendered, and a new one was issued to him, payable to "Ella J. Palmer (wife)." This certificate is the one now sued on by the English widow.

There can be no doubt that the defendant and Palmer, the parties to the contract evidenced by the certificate of membership, intended that Ella J., the reputed wife, should be the beneficiary of the fund provided for by the certificate. But plaintiff's attorney calls attention to a provision in the general laws of defendant order in effect as follows: That if at the death of a member any designation of a beneficiary in the certificate shall fail for illegality, the benefit shall be payable, first, to the lawful widow, if there be such, who shall take the entire benefit. The contention is that the designation of Ella J. Palmer failed for illegality, because she was not in law the lawful wife or widow of a member, and therefore that the right of the plaintiff, who is the lawful widow, springs into existence. This contention raises a question touching the power of the defendant corporation to issue the certificate as made. An examination of the laws of Massachusetts, under which the defendant is incorporated, and the constitution and laws of the de-

fendant corporation, adopted for its government, discloses that the defendant is given express power, not only to make provision for widows, orphans, and other relatives of deceased members, but also to make provision for "any persons dependent upon deceased members." These laws provide that, when a benefit is payable to a member's wife, child, parents, brothers, or sisters, an indisputable presumption of dependency shall prevail; but when made payable to an affianced wife, or to any person who is dependent upon the member for maintenance, written proof of the relation of dependency shall be furnished. These and other like provisions of the laws controlling the defendant satisfactorily show that the defendant has the power to insure the life of its member for the benefit of any person who occupies a relation of dependency to the member. In order, therefore, for the plaintiff to successfully maintain her contention that the designation of Ella J. Palmer as beneficiary failed for illegality, she must make it appear that Ella J. was not dependent upon the deceased member for maintenance. This the facts, in my opinion, do not establish. On the contrary, it is, as already stated, abundantly shown that Ella J. was at all times dependent upon him for maintenance and support.

I am unable to adopt the views of plaintiff's attorneys that the question of dependency must be determined solely by the legality of the marital relation. The argument is that, because Ella J. was mentioned in the certificate as wife, her rights to the benefit must be that of wife, and not that of a person dependent upon the member for support. This, in my opinion, is not the true construction of the contract. The defendant agreed to pay the benefit to Ella J. Palmer, and parenthetically the word "wife" follows her name in the certificate. The contract is to pay the benefit to Ella J. Palmer, and for a more accurate designation, or, rather, as descriptio personæ, the word "wife" is added. This, in my opinion, means nothing more than that the person named, Ella J. Palmer, is that particular person who is now occupying the relation of wife to the member. If, therefore, the individual named and thus identified by name, and otherwise identified by reference to her de facto relation, is capable of taking the fund, she ought to be allowed to do so, even though she is in the legal technical sense inaccurately referred to as "wife." Being in fact a dependent upon the member, she falls within the category of insurable persons, within the true meaning of the laws governing the defendant corporation, and within the true intent and meaning of the contract as made between the parties. This conclusion executes the obvious intent and purpose of the contracting parties, and in my opinion works substantial justice. The conclusion reached is abundantly supported by the following authorities: Story v. Williamsburgh Masonic Mutual Benefit Association, 95 N. Y. 474; Supreme Tent of Knights of Maccabees v. McAllister (Mich.) 92 N. W. 770; Senge v. Senge, 106 Ill. App. 140; Supreme Lodge Ancient Order of United Workmen v. Hutchinson, 6 Ind. App. 399, 33 N. E. 1124.

A judgment will be entered in favor of the defendant.