## Sophie Duenser, Administratrix, Appellee, v. Supreme Council of Royal Arcanum, Appellant.

### Gen. No. 17,300.

FRATERNAL BENEFIT SOCIETIES—*who is "dependent" on member.*
A member of a fraternal benefit society designated the beneficiary
as his wife. The person so designated had married the member
with knowledge that he had a wife then living. Such person lived
with him twelve years before the certificate was issued and twenty-
six years thereafter until his death. She was supported during
the whole period as his wife and was dependent upon him for
support. The constitution and laws of the society provided that
the benefit might be paid to "persons dependent upon such mem-
ber," and further "to any person who is dependent on such member
for maintenance." Section 1 of the statute relating to such societies
provides that payment may be made to persons dependent on the
member. *Held,* that the beneficiary named was "dependent" within
the constitution and laws of the society and the statute, and the
benefit certificate was payable to her.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES
M. WALKER, Judge, presiding. Heard in this court at the March
term, 1911. Affirmed. Opinion filed April 21, 1913. Rehearing
denied April 28, 1913.

**Statement by the Court.** The defendant society is-
sued to William Bandlion October 5, 1880, a benefit
certificate for $3,000, in which, "Mary Eve Bandlion
(wife)," was named as beneficiary. William Bandlion
died May 14, 1906. Mary Eve Bandlion submitted
proofs of death and the defendant society paid the
amount of the benefit certificate to her July 5, 1906.

The assured married Mary Anne Schiel, plaintiff's
intestate, in 1853 or 1854. In 1858 he and Mary Ann,
his wife, with their children removed to Dubuque,
Iowa. He left his family and came to Chicago in April,
1864, but his wife, Mary Ann, lived at Dubuque until
after his death.

Mary Eve Bandlion, born Roth, the beneficiary des-
ignated in the benefit certificate sued on, lived in Du-
buque for several years prior to 1864 and there knew

the Bandlions and knew that they were living together as husband and wife. In 1864 she came to Chicago and here met the assured. March 12, 1868, they were married in Chicago by the Pastor of the German Lutheran Church. They lived together as husband and wife from the time of their marriage until the death of the assured May 14, 1906. In 1871 a daughter was born to them and lived with them as their child until her marriage in 1890. November 19, 1906, Mary Anne Bandlion brought an action of *assumpsit* against the defendant society to recover the amount of said benefit certificate. She died August 11, 1907, and her daughter, Sophie Duenser, the administratrix of her estate, was substituted as plaintiff. There was a verdict and judgment for the plaintiff for $3,000 and the defendant appealed.

W. S. OPPENHEIM and GEORGE H. MILLER, for appellant.

TINSMAN, RANKIN and NELTNOR, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The court instructed the jury that if they found that William Bandlion was a member of the defendant society in good standing when he died, and was married to Mary Anne Bandlion, that she survived him and their marriage was never dissolved or anulled by law; that he lived in Chicago with Mary Eve Roth as her husband, and that she knew March 12, 1868 (the day of her marriage) that he had a living wife, then that Mary Anne Bandlion was entitled to the $3,000 insurance from the defendant and the fact that the defendant had paid said money to Mary Eve Roth did not release the defendant from paying said sum to plaintiff as administratrix of the estate of Mary Anne Bandlion; and further instructed the jury as follows:
"The court instructs the jury that if you find from

650    APPELLATE COURTS OF ILLINOIS.

Duenser v. Supreme Council of Royal Arcanum, 178 Ill. App. 649.

a preponderance of all the evidence in this case that Mary Eve Roth knew that William Bandlion had a wife and family living in Dubuque, Iowa, and that she lived and cohabited with him as his wife in the City of Chicago prior to March 12, 1868, and that on that day she knew that the said William Bandlion still had a wife living, then you are instructed that in no event was or is the said Mary Eve Roth entitled to the proceeds of the certificate in question in this case and your verdict in this case should be for the plaintiff and against the defendant.''

From the evidence the jury might properly find both that Mary Eve Roth knew at and for at least four years before her formal marriage to the assured that he had a wife living, and that she lived and cohabited with him as his wife prior to such formal marriage.

During the twelve years that intervened between this formal marriage and the admission of the assured to membership in the defendant society, he and Mary Eve Roth lived together in Chicago as husband and wife. They lived among and associated with respectable people. He treated her as his wife, supported her as such, she passed in society as such, and she was dependent on him for support as such. He treated their daughter as his child and supported her as such.

The constitution of the defendant society gives express power to provide that on the death of a member a sum not exceeding three thousand dollars be paid to, ''persons dependent upon such member,'' and the laws provide that a benefit may be made payable, ''to any person who is dependent upon the member for maintenance (food, clothing, lodging or education).''

Section 1 of our statute relating to Fraternal Benefit Societies provides that death benefits shall be paid only to the families ''*   *   *   or to persons dependent on the member.''

In James v. Supreme Council R. A., 130 Fed. 1014, it was held that where in a similar certificate ''Ella J. Palmer, wife,'' was named as beneficiary, the term ''wife'' was merely *descriptio personae* and her de-

pendency was not controlled by the legality of the marital relation existing between herself and the assured.

The laws of the defendant provide that if the dependency required by the laws shall be found not to have existed, or if any designation shall fail for illegality or otherwise, the benefit shall be paid to the member's widow if there be one. · The evidence shows that Mary Anne Bandlion was the widow of the assured, but it fails to show that Mary Eve Bandlion was not dependent on the assured for maintenance. On the contrary it shows that for thirty-eight years, from their marriage in 1868 to his death in 1906, she was at all times dependent on him for maintenance and support and was supported by him. Admitting that the marriage of the assured to Mary Eve Roth was void, they had lived together as husband and wife twelve years before the certificate sued on was issued. She, from the time of the formal marriage to his death, was held out and recognized by him as his wife. They had a child dependent on them for support. While it was not lawful for him to live with her as her husband, it was lawful and proper and his duty to provide for them and the provision he made was in accord with the objects of the defendant society and the provisions of our statute. In Ballou v. Gile, 50 Wis. 614, the Supreme Court defined dependent as follows: "We think the true meaning of the word 'dependent,' in this connection, means some person or persons dependent for support in some way upon the deceased." In Bacon on Benefit Societies, Sec. 261, it is said:

"In accordance with the liberal view of the Supreme Court of Michigan, in defining who are included in the term family, we should say that if any person, relative of the member or not, was supported by him, directly or indirectly, or wholly or in part, at his home or abroad, because of a legal or moral obligation, or merely from affection, such person might be called a

dependent and be designated as the beneficiary of such member. But in all cases it would appear essential to apply the test of good faith, for mere capricious liking or temporary liberality in the way of gifts would not make the recipient a dependent."

We think that taking the testimony tending to prove the contentions of the plaintiff as true and drawing therefrom the inferences most favorable to the plaintiff which may properly be drawn therefrom, Mary Eve Bandlion was dependent on the assured for maintenance, within the meaning of the term "dependent" as used in the constitution and laws of the defendant society, and in the statute, and that the benefit certificate sued on was payable to Mary Eve Bandlion and not to plaintiff's intestate.

The judgment of the Circuit Court will be reversed, but the cause will not be remanded.

*Judgment reversed.*