JAMES W. HULL, Administrator, &c. *v.* MARGARET RAWLS.

Where M. R., the widow of R. deceased, filed her petition in the probate court, praying to have set apart to her the portion of her late husband's estate, to which she was entitled under the statute, but it was resisted, on the ground that the deceased, at the time of his marriage with M. R., had another wife living; and it was in proof that in 1844, four years before the marriage of deceased with M. R., he was living with another woman, whom he treated as his wife; and the deceased (R.) was heard to say, after his marriage with petitioner, and in her presence, that his first wife was then living: — *Held,* that the fact that the deceased (R.) was living with another woman in 1844, as his wife, is no evidence that she was living four years after that time, and the statement of deceased relative to his other wife could have been used in a legal proceeding in which he was directly interested or could be affected, but cannot be used to the prejudice of the petitioner.

Where a marriage has been solemnized according to the forms of law, every presumption must be indulged in favor of its validity.

On appeal from the probate court of Kemper county; Hon. James F. Bohannon, judge of the probate court of Kemper county.

Margaret Rawls filed her petition in the probate court of the county of Kemper, A. D. 1851, at the October term, for dower in the personalty of James C. Rawls, deceased. James W. Hull, being the administrator of said Rawls, came in and resisted the said application for dower, on the ground that petitioner was not the wife of said Rawls, but that said Rawls had a wife at the time he pretended to marry said petitioner; to establish which fact he introduced one G. W. Mobery, who testified that he had known said Rawls in Chickasaw county for about a year, and that during that time he was living with a woman whom he called wife, and who called him husband.

Allen McCrary was then introduced, who testified that said Rawls, during his lifetime and in the presence of said petitioner, had stated that he had another wife living at the time he married petitioner. Hull, the administrator, then stated that during the lifetime of Rawls he had stated to him, Hull, that he had another wife living in Georgia.

All of which testimony the court ruled out. The petitioner then introduced the records of the probate court, which proved that said Rawls and petitioner were married on 6th of December, A. D. 1848.

This was all the testimony in the case. The court granted the petition, to which the administrator excepted, and prayed an appeal to this court.

*McAllum* and *Watts* for appellant.

Marriage may be proven by the declarations, representations, or conduct of the parties. 2 Greenl. Ev. § 462.

The declarations of the husband, in presence of his then wife, that he had another wife living at the time of his marriage with her, and her silence at the time, is testimony against her. *Smart* v. *Whalley*, 6 S. & M. 308.

*Welsh* and *Hamm* for appellee.

Mr. Justice FISHER delivered the opinion of the court.

This was a petition filed by the appellee, as the widow of James C. Rawls, deceased, in the probate court of Kemper county, praying the court to cause to be set apart to her the portion of her deceased husband's estate to which she is entitled under the statute.

The defence relied on was, that the petitioner intermarried with Rawls at a time when he had another wife living, and that therefore the marriage was void in law. The question for decision is one purely of fact, depending upon the weight of evidence.

The petitioner's proof consists of the record of the marriage made in the office of the clerk of the probate court of Kemper county, showing that the marriage was solemnized on the 6th of December, 1848.

On the part of the administrator, it was proved that James C. Rawls was living in the year 1844, in Chickasaw county, with a woman whom he treated as his wife, and that the parties were recognized as husband and wife in the community.

Another witness proved that he heard Rawls say, after his

marriage with petitioner, and in her presence, that his first wife was then living in the State of Georgia. This was, in substance, all the evidence introduced on the trial in the court below.

Aside from the statement of Rawls, there is nothing in the testimony which raises a suspicion against the validity of the marriage. The fact that the deceased was living in 1844 with a woman, believed to be his wife, is no evidence that she was living on the 6th of December, 1848. The marriage having been solemnized according to the forms of law, every presumption must be indulged in favor of its validity. The statement of Rawls, while it could have been used as evidence against him in a proceeding in which he was directly interested, or could be affected, cannot be used to the prejudice of the petitioner. By consummating the marriage, he admitted that he could then legally enter into the alliance. The statement may have been true, that the first wife was then living; and still it would not necessarily follow that she was in a legal sense his wife, as the parties may have been legally divorced.

Under the whole evidence, as it appears in the record, we are of opinion that the decree is correct, and ought to be affirmed.

Decree affirmed.