CHESTER M. GARNER *v.* WEBSTER COUNTY.

1. STOCK LAW DISTRICT. *Part of county.  Code* 1892, §2056; *Laws* 1894, *p.*
   48; *Laws* 1897, *p.* 21.  *Board of supervisors.  Special jurisdiction.*

   The board of supervisors in establishing a stock law district, under code 1892, § 2056, as amended by act of 1894, p. 48, and act of 1897, p. 21, providing for the enforcement of the stock law in a part of a county, exercises a limited and special jurisdiction.

2. SAME.  *When judgment void.  Collateral attack.*

   Where the record of the proceedings of the board of supervisors, undertaking to establish a stock law district in a part of the county, shows that the proposed district was shaped contrary to the statute, the proceeding is absolutely void and subject to collateral attack.

FROM the circuit court of Webster county.

HON. JOHN R. ENOCHS, Judge, presiding by exchange.

Garner, appellant, was plaintiff in the court below; Webster county, appellee, was defendant there.

At the December, 1899, meeting of the board of supervisors of Webster county, certain citizens of the county presented their petition to the board asking that proceedings be had to establish a part of said county into a stock law district. The board, acting under ch. 17 of the laws of 1897, passed an order declaring the lands described in the petition a stock law district, which stock law district is shaped and embraces the lands as shown by the following diagram:

At the November, 1900, meeting of said board of supervisors, Garner, the appellant here, who owned lands adjoining said stock law district, filed his petition with the board asking to be added to said stock law district. A protest was filed by Gunter, a citizen and freeholder of said county, against the granting of the prayer of Garner's petition, on the ground that the order of the board of supervisors establishing the original pretended stock law district to which Garner sought to be added was void on account of its irregular shape. Garner's petition was denied by the board. He then appealed to the circuit court, where the

decision of the board of supervisors was affirmed, and from that judgment this appeal is prosecuted by him to the supreme court.

*Samuel Cooke,* for appellant.

The board of supervisors is an inferior court of limited jurisdiction. They are created by law, and have no power except what is conferred by positive legislative enactment. Yet in this case they assumed the functions of an appellate court, attempted to review the judgment of a former term at a subsequent term, pass upon its validity, and virtually to vacate and set it aside. If the order of the board of December 7, 1899, was merely erroneous and voidable, they had no right or power to impeach it collaterally. *Smith* v. *Bradley,* 6 Smed. & M., 179; *Work* v. *Harper,* 24 Miss., 517; *Wall* v. *Wall,* 28 Miss., 409.

Judgments of inferior courts are presumed to be correct. *Lee v. Bennett,* 31 Miss., 119; *Casson v. Casson,* 31 Miss., 578.

This presumption exists wherever there is a possible state of facts which would justify the judgment. *Duncan* v. *McNeill,* 31 Miss., 704.

This order was valid and binding until reversed by a court of review. *Wall* v. *Wall,* 28 Miss., 409.

The board of supervisors had no power to review this order or to sit in judgment upon its validity, because a court has no power over its own judgments at a subsequent term. *McComb* v. *Ellett,* 8 Smed. & M., 505.

A judgment entered at a subsequent term vacating a judgment rendered at a previous term, is itself void, though the judgment vacated be also void. Ib.

The board had, it seems, a twofold purpose: to vacate an existing judgment or order, and to deny appellant's petition, which they did on the ground that the former order was void.

The circuit court, reviewing this case on bills of exceptions, had no power to set aside the previous order of the board of December 7, 1899, unless it appeared by the record that such

order was absolutely void. But it seems that the circuit court made the same collateral attack upon this order. *Montgomery County* v. *State,* 71 Miss., 153.

The validity of the order of the board of December 7, 1899, was not an issue before the board or circuit court. And if that order was valid, the board had no discretion in the matter of appellant's petition to be added to the stock law district. Laws 1897, ch. 11, p. 21 . The discretion expressed in this amendment, by use of the word "may," refers to the petitioner.

If a freeholder or a leaseholder for a term of three years or more comply with this plain statute, to grant the prayer of his petition, by the board, is compulsory—only a ministerial act. Laws 1897, ch. 17, p. 21.

*Dunn & Gould* and *Roane & Lamb,* for appellee.

The board of supervisors and the court below did right in rejecting the petition of Garner, because the original order of the board of supervisors, made on the 7th day of December ,1899, establishing the original stock law district, to which Garner seeks to be added, is absolutely void because of its irregular shape. *Doolittle* v. *Gore,* 77 Miss., 620.

TERRAL, J., delivered the opinion of the court.

The board of supervisors of Webster county, in proceeding to establish a stock law district in that county, were not acting under the constitutional power conferred upon them by sec. 170 of the constitution, but were exercising a merely statutory power under ch. 17 of the laws of 1897. Therefore, its record in this respect must be governed by the rules of law applicable to courts of special and limited jurisdiction, and the rule applies that the jurisdictional facts must appear of record and the tribunal must act in conformity with and be controlled by the authority conferred. It is admitted by appellant that the stock law district described in this record is not in accordance with the statute on that subject, as construed by this court in *Gore* v.

*Doolittle,* 77 Miss., 620 (27 So. Rep., 997), but he insists that the order, being made, stands until reversed by appeal. The rule invoked does not apply to this case. The order of the board is void because in direct and necessary conflict with the statute governing the formation of stock law districts, and the order, being void, may be attacked collaterally. In fact, it was still-born, and had no life from the beginning. Courts and Their Jurisdictions, by Works; *Bolivar Co.* v. *Coleman,* 71 Miss., 832 (15 So. Rep., 107); *Root* v. *McFerrin,* 37 Miss., 17; 75 Am. Dec., 49; *Ballard* v. *Davis,* 31 Miss., 525; *Marks* v. *Mc-Elroy,* 67 Miss., 545 (7 So. Rep., 408).

The application must be overruled.

*Overruled.*