HENRY ET AL. *v.* BOARD OF SUPERVISORS OF SUNFLOWER COUNTY.

[71 South. 742.]

1. ANIMALS. *Stock law.   Order of board of supervisors.   Validity. Evidence.   Judicial notice.   Boundaries.*

   In the exercise of the statutory power conferred on the board of supervisors to establish stock law districts, the board is a court of limited and special jurisdiction, and the judgments of such court are not, in and of themselves, evidence of the right of jurisdiction, nor of its lawful exercise; but every jurisdictional fact must be shown on the face of the record.

2. SAME.

   In order for the board of supervisors to pass a valid order putting in force the stock law, their records must show affirmatively that the territory, being less than a whole county, includes one or more townships, or a part of two or more townships not less than thirty-six square miles, or a part or parts of the county separated by natural boundaries. The circuit court cannot take judicial notice of the boundary lines of supervisor's districts.

APPEAL from the circuit court of Sunflower County.
HON. MONROE McCLURG, Judge.

*Certiorari* by J. A. Henry and   others   against   the Board of Supervisors of Sunflower   County.   From   a judgment for defendant, petitioners appeal.

The facts are fully stated in the opinion of the court.

*S. F. Davis,* for appellants.

In establishing a stock law in a county, or any part of a county, the board of supervisors exercise a special and limited jurisdiction, and their acts are absolutely null and void, unless all of the facts necessary to give them jurisdiction to declare the stock law to be in force affirmatively appears on their records.  See *Garner* v. *Webster County,* reported in 76 Miss. 565, and the numerous cases cited in the opinion of the court in that case.

The judgments, or order of a court of limited and special jurisdiction, exercisable in a certain manner, are not, in and of themselves, evidence of jurisdiction, and its lawful exercise.  In all cases of this character, the jurisdictional facts must be shown on the face of the records. See *Bolivar County* v. *Coleman et al.,* reported in 15 So. 107; also *Lester* v. *Miller,* 24 So. 193 and 76 Miss. 309.

In order for the board of supervisors to have passed a valid order putting in force the stock law in this case, their records must affirmatively show:

First, that the territory, as it is less than the whole county, includes (a) one or more townships; (b) a part of two or more townships, not less than thirty-six square miles; (c) a part or parts of the county separated by natural boundaries;

Second, that an order of the board for an election has been entered on their minutes at which election all of the resident freeholders or leaseholders for a term of three or more years of the territory to be effected were to be given an opportunity to vote;

Third, their records must show that an election was held in this territory in pursuance to this order and that it resulted in a two-thirds majority of those voting, voting in favor of the stock law;

Fourth, their records must show that an order was entered on their minutes declaring the stock law to be in force in said territory four months after the date of said order.

All of these facts are jurisdictional and must affirmatively appear of record before an act of the board in cases of this kind can have any validity whatever, and as Exhibit 1, 2, and 3, filed with appellant's petition in this case, is admitted by all parties to this action to be a true and correct transcript of the record of the board of supervisors of Sunflower county, in this case, a casual perusal of these exhibits will disclose to the court that they fall far short of furnishing all of these jurisdictional facts necessary to have given the board of supervisors jurisdiction over the matter in question.

The court will notice that the record in this case is silent as to the size or topography of the territory sought to be placed under the stock law, further than to describe it as district No. 2. of Sunflower county. It does not show that the said territory is one or more townships; a part of two or more townships, not less than thirty-six square miles; or that it is a part, or parts of the county separated by natural boundaries. This nor any other court can take judicial notice of the size and topography of district No. 2 of Sunflower county. It is true, that the courts do take judicial notice of the political division of the state, such as counties, cities or villages and townships and their boundaries in so far as they are prescribed by public statutes, but no further. See 16 Cyc. page 859, and the authorities therein cited.

As a matter of course, all divisions, and subdivisions, of the state established by a public statute, are matters of judicial notice the same as any other public statute, and the court will take judicial notice of the fact that there is a district No. 2 in each county in the state, but no further. The boundaries of the several supervisors' districts of the state are not established by any public statute, but on the contrary, they are all fixed by a private ordinance of the board of supervisors of the different counties. Section 291 of the Code of 1906, merely provides that each county shall be divided into five districts, with due regard to the equality of the population and

convenience of situation, for the election of members of the board of supervisors; and it further empowers the board of supervisors to alter or change the boundaries of these districts at any time they see fit by simply entering an order on their minutes to that effect, and there is no law so far as I know, that requires a supervisor's district to have any certain number of square miles in it, but to the contrary, it was clearly the intention of the legislature to divide the representation on the board of supervisors as nearly equal among the inhabitants of each county as possible without regard to the size of the territory occupied by them. If the legislature had seen fit to fix the boundary lines of the several supervisors' district in each county in the state, then their boundaries and size would be a matter of judicial notice, but I submit to the court, that as the law now stands, no court can judicially or otherwise know how many square miles there is in district No. 2 of Sunflower county until it has been proven to them in the manner required by law.

*Geo. Ethridge,* Assistant Attorney-General, for appellees.

It is contended that the board of supervisors exercises a special and limited jurisdiction and that their acts are absolutely null and void, unless all the facts necessary to give them jurisdiction affirmatively appear on the record. It seems to be the chief point of contention on the part of the appellants that it is void because it does not appear in the record as to whether district No. 2 contained as much as thirty-six square miles of territory, and that it is necessary for it to so show in order for them to declare the stock law in force. I agree that it is necessary in the board's proceedings to show all the facts necessary to confer jurisdiction. The general rule, however, of proceedings before inferior courts of special and limited jurisdiction does not apply in this case because this is

not a judicial proceeding but is a legislative enactment by the board of supervisors and when the jurisdiction of the board once exists all other proceedings are presumed to be regular and in accordance with law. Under the law in question, if the board proceeds without an election, it must affirmatively appear that two thirds of the voters and lease-holders have petitioned for such action, but where the board proceeds to order an election, it has jurisdiction to institute proceedings, ordering an election on its own initiative and motion. All that the law requires is that they order the election and direct those charged with holding and conducting elections to proceed according to law to hold an election for that purpose. It is not necessary for the proceedings to show all that the election commissioners will be presumed to have been regular in all respects until the contrary is made to appear by affirmative allegation and proof. In the present case, the record recited that the election was held according to law. This is all the recital that is necessary so far as the election is concerned.

The next contention is that it is void because the territory is not recited in the petition or report of the election of the order of the board to contain more than thirty-six square miles of territory. Necessarily, the board knew the boundaries of the several districts of their counties. They are bound to take notice of that fact and the circuit court in reviewing their action is charged with the same duty and with the same presumptions and knowledge that apply to the board itself. The circuit court will take judicial knowledge of the boundaries claimed by and the political divisions of government within which they exercise jurisdiction whether these divisions exist for election purposes or for the direct administration of governmental functions. 15 Cyc. 907, paragraph 3; *Beal* v. *State*, 66 So. 985, and authorities cited: Century Digest, Title Evidence, section 60; *Livingston* v. *Kittelle*, 41 Am. Dec. 166; *Graham* v. *Anderson*, 92 Am. Decisions, 89; Century Digest, Title Evidence, sec. 58;

Dec. Digest, Title Criminal Law, Key No. 304, Subdivision 14.

The courts also take judicial knowledge of the boundaries, territorial extent and population of the several counties of the state, and section 291, of the Code of 1906, requires the counties to be divided into five districts with due regard to equality of population and convenience of situation for the election of members of the board of supervisors. The constitution, section 170, directs each county to be divided into five districts for the election of members of the board of supervisors. The court judicially knows that each county contains at least four hundred square miles of territory and in most of cases much more, and it must be assumed that the authorities charged with the duty of laying out the counties have laid them out as required by law with reference to the equality of population and convenience, and when the court considers what it·is bound to know judicially with reference to Sunflower county, it would know that it would be impossible to comply with the law and not leave each district more than thirty-six square miles· of territory even if it did not have any judicial knowledge of the boundaries of those districts. Again, the court takes knowledge judicially of all public, notorious facts and on this score, it would have to know matters of such public importance and general knowledge as the extent of the territory embraced in these districts.

POTTER, J., delivered the opinion of the court.

"This is an appeal from the circuit court of Sunflower county, and involves the validity of. an order of the board of·supervisors declaring the stock law in force·in district No. 2 of Sunflower county. The case was carried to the circuit court on *certiorari,* the petition for the writ setting forth the proceedings as they appeared before the board of supervisors, making the judgment and petition exhibits to the petition for a *certiorari.* The board of

supervisors of said county ordered an election to be held in district No. 2 of that county, as provided in chapter 219 of the Laws of 1912, and commanded the election commissioners to hold said election in the said district, the command of the board to the election commissioners being addressed to them by name and reciting as follows:

" 'You are hereby directed to hold an election in district No. 2 on the 31st day of December, A. D. 1912, for the purpose of determining whether or not the stock law shall be put in force in said district as provided in chapter 219 of the Laws of 1912.'

"The election commissioners reported to the board of supervisors on the 6th day of January, 1913, which report appears on page 7 of the record, in which the following is recited:

" 'We, the undersigned, election commissioners in and for Sunflower county, Mississippi, hereby certify that, pursuant to the order of this honorable board, a stock law election was held in and for districts Nos. 2, 3, and 4 of said Sunflower county, and we have canvassed the returns of said election, and found the following results, to wit: In district No. 2, fifty-eight votes for the stock law and thirteen votes against the stock law.'

"The report then declares that the stock law election in district No. 2 resulted in favor of the stock law. The board then entered an order, which appears on page 8 of the record, in which is recited that the election in district No. 2 was held as required by law and that it appeared that two-thirds majority of those voting of the resident freeholders and leaseholders for a term of three years or more voted affirmatively for said stock law, and that it was ordered by the board that said stock law be and is declared to be in full force in district No. 2 of said county. This order was entered on the 6th day of January, 1913. On page 14 of the record is an agreement entered into between the attorneys for Henry and Holmes and the attorney for the board of supervisors, for use on the hearing before the circuit court, in which it was agreed that the

orders set out in the record are true transcripts of the proceedings before the board, and that the cause might be tried at that term of the court. The court denied the relief prayed for by the appellants and upheld the action of the board of supervisors."

The above statement of facts is copied from the brief of the assistant attorney-general, representing the appellee.

The record in this case fails to show, the number of square miles contained in district No. 2 of Sunflower county, and in fact it is only by indulging a presumption that we know from the record that district No. 2 of Sunflower county means supervisor's district No. 2 of Sunflower county. The record does not show that the territory embraced in the proposed stock law district under consideration is one or more townships, or a part of two or more townships, or less than thirty-six square miles, or that it is a part or parts of the county separated by natural boundaries. All these facts are jurisdictional, and must affirmatively appear of record before an act of the board of supervisors is valid. *Garner* v. *Webster County,* 79 Miss. 565, 31 So. 210. In the exercise of the statutory power conferred on the board of supervisors to establish stock law districts the board is a court of limited and special jurisdiction, and the judgments of such court are not, in and of themselves, evidence of the right of jurisdiction, nor of its lawful exercise; but every jurisdictional fact must be shown on the face of the record. *Bolivar County* v. *Coleman et al.,* 71 Miss. 832, 15 So. 107; *Lester* v. *Miller,* 76 Miss. 309, 24 So. 193.

Under the statute, in order for the board of supervisors to pass a valid order putting in force the stock law, their records must show affirmatively that the territory, being less than a whole county, includes one or more townships, or a part of two or more townships not less than thirty-six square miles, or a part or parts of the county separated by natural boundaries. The circuit

court cannot take judicial notice of the boundary lines of supervisor's districts. *Elzey* v. *State,* 70 So. 579. The record in this case does not show, as it must, that the statutory requirements were complied with. This case. is therefore reversed, and judgment here for petitionrs.

*Reversed, and judgment here.*