SPARKS *v.* CITY OF JACKSON.

[79 South. 67, Division B.]

1. MUNICIPAL CORPORATIONS. *Street paving. Notice to owner to elect.* In a suit by a city for the cost of street paving, against an abutting owner, where there was no evidence showing that such owner intended to pave at his own expense, he cannot complain that the notice requiring him to elect as to whether he would do the paving himself, or the city would do it at his expense, was for a shorter period than required by law.

2. EVIDENCE. *Judicial notice. Benefit from street paving.*
   The court cannot judicially know that abutting property will not
   be benefitted by paving the part of a street not occupied by a
   street railroad in front of such property.

APPEAL from the chancery court of Hinds county.
HON. O. B. TAYLOR, Chancellor.
Suit by the city of Jackson against Thos. P. Sparks.
From a decree for plaintiff, defendant appeals.
The facts are fully stated in the opinion of the court.

*Green & Green,* for appellant.

*Wm. Hemingway,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The city of Jackson filed a bill in the chancery court
to enforce a lien upon certain property owned by the
appellant in the city of Jackson on account of a
special assessment assessed against said property for
the purpose of paving North State street from Man-
ship street to Euclid avenue. It is alleged in the bill
that on the 6th day of June, 1911, the mayor and
board of aldermen passed a resolution declaring the
necessity for paving said street between Manship
street and Euclid avenue, under sections 3411 and
3412 of the Code of 1906, and published a notice of
intention to make such improvement to the property
owners in the newspapers as required by the statute, and
alleged that the majority of the resident owners on
said street to be improved did not within twenty
days protest in writing against such improvement;
that on the first Monday in August, 1911, the board
of mayor and aldermen passed an ordinance adopt-
ing plans and specifications for the construction of
said improvement and established the grade of the
street and provided that the street should be paved
with creosoted wood blocks; that after the expiration

of the twenty days in the notice the mayor and board of aldermen on the 1st day of August, 1911, ordered the street commissioner of said city to notify the property owners abutting said street to construct the pavement in front of their property for one-third of the distance of the width of the street in front of their property, at their expense; and that the street commissioner did give notice to the property owners as directed, and that none of the property owners constructed said improvement, and that the street commissioner, as provided in section 3412, Code of 1906, did proceed to construct the improvement, keeping an account of the costs thereof, and reported to the board on the 7th day of May, 1912, the cost of the improvement, fronting the appellant's property, which amounted to two hundred and seventy-seven dollars and twenty cents, and the board declared a lien on the property involved in this litigation. It is alleged that the city thereby became entitled to a lien for the said amount against the said property and for a decree against the appellant for said sum. The ordinances of the board were made exhibits to the bill. The city entered into contract with the Creosoted Wood Block Paving Company to pave the said street. Under the orders of the board the Jackson Railway & Light Company was ordered to pave that part of the street lying between the tracks of its railway and for two feet on either side thereof. On the 5th day of September, 1911, the city of Jackson entered into a contract with the Jackson Railway & Light Company, in which contract, for a consideration, and certain agreements on the part of the Railway & Light Company, and the dismissal of certain suits instituted by the Jackson Railway & Light Company against the city which were compromised and settled in the said contract and in consideration of the laying of additional tracks or lines by the said Jackson Light & Railway Company, the city agreed to amend its specifications and ordinances as

to the paving of North State street from Manship street to Euclid avenue, so as to provide for an unpaved grass plot or neutral ground of the street railway area as far as the paving shall extend, which said area was to remain unpaved, the railway company agreeing to pave suitable crossings over its track and said neutral ground at convenient distances, about one block between each crossing.

At the October meeting, 1911, the board of mayor and aldermen passed an ordinance reciting that on the 11th day of July, 1911, the city of Jackson by an ordinance of that date duly entered on their minutes, which was caused to be published for three weeks in a newspaper in the city, which publication is adjudged to have been made, adjudging the necessity for the paving of the street in controversy here and reciting that a majority of the resident owners on North State street between Manship street and Euclid avenue have up to this time not filed their protest in writing against said improvement, and that no protest whatever had been filed at any time against such improvement, and that a majority of the resident property owners on said North State street between Manship street and Euclid avenue petitioned for the paving of said street, and that plans and specifications had been adopted at the August meeting providing for the paving with creosoted wood, and that the street commissioner was directed to give notice to the owners of property or land abutting the said part of said street to be paved as required by the sections of the Code; and that it further appeared that all of the said ordinances had been duly published, and that the street commissioner had reported to the board that the owners of such property did not make the improvements within twenty days from date said ordinance became effective, and that he had given notice to the owners or occupants of each piece of property to be assessed, and the necessity therefor, and notified them

to make said improvement according to the require-
ments of the ordinance of the board and the plans and
specifications, and that he had completed giving these
notices on the 8th day of September, 1911, and there-
upon the board of mayor and aldermen of the city of
Jackson ordained that at the expiration of thirty days
from the date of giving of notice to the owners or
occupants of such property, unless said owners shall
within said time make such improvements or cause
them to be made, the street commissioner is directed
and required to make repairs and construct improve-
ments, except as to the street railway area which has
been eliminated, keeping account of the costs thereof,
and report the same to the board at its next regular
meeting after the completion of said work for assess-
ment as provided in said ordinance and section 3412
of the Code. It appears that the report of the street
commissioner was made at the May meeting of the
board of mayor and alderman in 1912. This suit was
filed February 27, 1917.

The appellant demurred to the bill of the city on
the ground that there is no equity on the face of the
bill; second, that the bill fails to show that there was
any conclusion by the city of the alleged special im-
provements in accordance with the plans and speci-
fications adopted, and as to which the defendant was
given an opportunity to protest, and as to which no
requisite notice is averred to have been given; third,
that the defendant was and is anxious to have said
North State street paved in accordance with the plans
published and adopted whereby and whereunder the
street was to be paved from curb to curb, but that
the city unlawfully had not paved or caused to be
paved the street from curb to curb, but that two
strips had been paved down each side, whereas the
middle is wholly unpaved; fourth, that the plaintiff
fails to show any compliance to the ordinance on the
subject; fifth, that the plaintiff fails to show any specific

ordinance relative to the paving of said street where-
by the material was adopted, and, as to this, said de-
fendant was given the right to protest; sixth, there
is no allegation that this respondent ever failed to
pave a strip, and was legally called on so to do;
seventh, the paving is not averred to be of quality
contracted for. This demurrer was overruled by the
chancellor, and appeal granted therefrom to the su-
preme court before the defendant was required to
answer. The granting of the appeal does not recite
that the chancellor thought it was necessary for an
appeal to be granted for the purposes of settling the
principles of the case for the guidance of the chan-
cellor, but was given evidently for the purpose of en-
abling the defendant to get the judgment of this court
upon the sufficiency of the bill before he was required
to answer.

We think the principles underlying this case have
already been settled in former adjudications of this
court. We fail to see wherein the rights of the de-
fendant were affected by the contract made between
the city and street car company. The defendant was
required to pave at his own expense one-third of the
street in front of his property, or in default thereof
that the city would pave this at his expense. In the
original ordinance the street car company was to pave
the street along its tracks, and it would not affect
the defendant's liability at all as he was not to
pave that part of the street occupied by the railway
company. The ordinance was amended September
5, 1911, excepting the street railway company from
paving that part of the street occupied by its lines,
but providing that the railway company should have
a grass plot on its part of the street with suitable
crossings at distances of one block apart. After this
ordinance was published the appellant failed wholly
to protest, and the record does not show that he ever
protested against the amended plans and specifica-

tions, though the record shows that he was served with notice that if he did not pave the same within thirty days that the city would pave it and charge him with the expense. He contends that the notice was served upon him before the full time that he he was allowed under the law to elect in which to make the improvement but the record does not show that he intended to make such improvement at his own expense or that he was precluded from so doing by any act of the city. If the notice served upon him required him to do the improvement in a shorter time than the law contemplated he should have, he could doubtless have gotten the proper extension by applying to the city therefor. So far as this record shows, he made no effort to make the improvements, nor did he make any protest against the work being done within the time that the statute would have given him to have made his election. We fail to see how he was damaged, or what right of his was infringed on the allegations of the bill. If any facts exist which give him any right to refuse to pay for this work they must be properly pleaded. We cannot judicially know things we are assumed to know in the brief and we cannot judicially know that the paving as ordered under the amended ordinance would not be a benefit to his property. It does appear that the street was paved with the exception of the portion occupied by the railway company, and, so far as the record shows, this paving might be as beneficial and satisfactory as the original would have been.

The decree of the chancellor will be affirmed, and the cause remanded for further proceedings.

*Affirmed and remanded.*