HICKMAN *v.* HICKMAN.

[89 South. 6,   No. 21818.]

MARRIAGE.   *Presumption of validity of second marriage held to overcome presumption that first husband was alive.*

Where a wife contracts a second marriage before her former husband has been absent seven years, the presumption of the validity of the second marriage will overcome the presumption that the first husband was alive when the second marriage was contracted, and, though the wife has not been divorced from her first husband, the presumption of the validity of her second marriage will continue until it is made to appear that her first husband is alive.

APPEAL from chancery court of Stone county.
HON. V. A. GRIFFITH, Chancellor.

Suit by Davis Hickman against Lula Cobb Hickman for divorce. From a decree granting defendant counsel fees and alimony *pendente lite,* plaintiff appeals. Affirmed.

*Mize & Mize,* for appellant.

Now, the presumption is that, in 1910, when appellee married Rhone, she could contract a valid marriage with Rhone, as a divorce was presumed from Henderson or of Henderson from her. *Beardsley* v. *A. & V. R. R. Company,* 79 Miss. 417.

Henderson in 1915 turned up alive, but this does not overthrow the presumption, because there is no evidence

in the record that Henderson had not secured a divorce from appellee. On the stand appellee never attempted to say that Henderson had not been divorced from her, notwithstanding she testified at length. The only thing she mentions about divorce is that she consulted a lawyer about one and he told her she did not need any, but she does not say one time that she had never received notice of suit being filed by Henderson for divorce from her. In other words, there is no evidence in the record but what Henderson might have obtained a divorce from her, and the presumption is that when she married Rhone in 1919, she was legally capacitated to enter into a valid marriage with him and did enter into a legal marriage with said John F. Rhone in 1910; and she frankly admits that she was never divorced from Rhone at the time she married appellant. Nor can she take refuge behind the presumption of Rhone's death because of his disappearance for seven years, because it is shown that Rhone became scared and left and kept going; there is no evidence that appellee ever made diligent search to find Rhone's whereabouts. There is no legal evidence before the court that Rhone had a wife in Missouri so as to have incapacitated him from entering into a legal marriage with appellee; it is only hearsay, and about the only thing that can be legally deduced on this point is that Rhone left; either became scared or framed this up for an excuse to leave. At any rate, appellee's search for him is not that of the lovers described in "Evangeline." Wherefore, she cannot shield herself behind the seven years' disappearance presumption.

We are therefore bound to be driven to the conclusion that appellant's marriage to appellee was not a valid marriage, and that consequently counsel fees and alimony *pendente lite* should not be allowed, under the authorities in the *Beardsley case, supra,* and respectfully submit that the court should so hold.

*U. B. Parker,* for appellee.

The court will bear in mind that this was not a trial of the cause on its merits but was being heard on appellee's motion for suit money at the return term. The case was not triable and the defendant, appellee here, had had no opportunity to secure testimony on the issue. but was merely asking for the assistance of the court in securing help to defend the suit.

Assuming that Henderson did not die until he went to appellee at Oberlin, Louisiana, appellee's marriage to Rhone was void and Henderson's death did not breathe the breath of life in her marriage to Rhone, and it was not necessary for her to obtain a divorce from Rhone on this void marriage. *Clark* v. *Clark,* 115 Miss. 726.

The burden was and is yet on the appellant to show that his marriage to appellee was void and that he is entitled to divorce, and appellee is entitled to offer evidence in rebuttal on this issue.

The chancellor properly heard testimony as to the ability of the appellant to pay attorney's fees and temporary alimony and as to appellee's need therefor in preparing for trial of her case on the issue and we believe his finding in the premises entirely proper.

The case of *Beardsley* v. *A. & V. R. R. Co.,* 79 Miss. 417, cited by appellant as authority in support of his contention is undoubtedly authority for appellee, if applicable at this time. We think this case will be valuable to us in the trial on the issue and that under the rule announced therein appellant will have the burden of showing the invalidity of his marriage.

The *Beardsley case, supra,* has been cited and followed or distinguished in *Howard* v. *Kelly,* 71 So. 391, 11 Miss. 285; *Bennett* v. *State,* 100 Miss. 684, 56 So. 777; *Sullivan* v. *Grand Lodge, K. of P.,* 97 Miss. 219; *Colored K. of P.* v. *Tucker,* 92 Miss. 501.

All of which cases are authority for the proposition that one attacking a second marriage has the burden of prov-

ing its validity and not that divorce has been had. These cases are also authority for the proposition that a husband who has been gone for the statutory period and even for a less period in case of a second marriage is presumed to be dead.

We certainly think this record will support the decree allowing appellee suit money in order to meet the litigation which appellant seems to be so vigorously pressing and respectfully submit that the case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is a proceeding in which the appellant seeks a divorce from the appellee, his wife, and the appeal is from a decree granting the appellee counsel fees and alimony *pendente lite*.

The ground on which the appellant seeks a reversal of the court below is that he and the appellee were never legally married, and that consequently he was under no legal duty to support her, from which it follows that she is not entitled to an allowance for counsel fees and alimony.

It appears from the evidence that in 1906 the appellee married Henderson, who shortly thereafter deserted her, and that in 1910, she, having been advised that Henderson was dead, married Rhone, who also shortly thereafter deserted her, and has not since been heard of. Afterwards she discovered that Henderson was still alive, and she returned to and lived with him until his death, which occurred prior to her marriage with the appellant in 1917. She admits that she was not divorced from Rhone.

The contention of the appellant is, and we will assume, but merely for the sake of the argument, that the appellee's marriage with Rhone was legal, and that since Rhone is not shown to be dead he must be presumed to be living from which it will follow that the appellee's marriage with the appellant is void. There is no merit in this contention, for the reason that the marriage of the appellant

with the appellee must be presumed to be valid until the contrary is made to appear, and this can only be done by proof that Rhone is still alive. *Hull* v. *Rawls,* 27 Miss. 471; *Spears* v. *Burton,* 31 Miss. 457; *Wilkie* v. *Collins,* 48 Miss. 496; *Railway Co.* v. *Beardsley,* 79 Miss. 417, 30 So. 660; *Knights of Pythias* v. *Tucker,* 92 Miss. 501, 46 So. 51; *Sullivan* v. *Knights of Pythias,* 97 Miss. 218, 52 So. 360; *Howard* v. *Kelly,* 111 Miss. 285, 70 So. 391, Ann. Cas. 1918E, 1230; *Aldridge* v. *Aldridge,* 116 Miss. 385, 77 So. 150.

*Affirmed.*